IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:19-CR-70 |
| v. | ) | |
| | ) | Honorable Liam O'Grady |
| BRIAN THOMAS REYNOLDS, | ) | |
| | ) | Sentencing: September 13, 2019 |
| Defendant. | ) | |

**UNITED STATES'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CONTINUE SENTENCING**

The United States, by and through undersigned counsel, hereby respectfully submits this opposition to the defendant's motion to continue sentencing in this matter. The defendant seeks a continuance of approximately 90 days so that counsel may explore whether three of the defendant's prior convictions were expunged, and if so, to attempt to obtain documentation to that effect. Dkt. No. 42. If this documentation exists, the defendant intends to ask this Court to remove those convictions from the Presentence Investigation Report ("PSR"). *Id*. The government respectfully opposes this request because the status of these convictions as expunged or not should not alter this Court's sentencing determination, and because the relief requested by the defendant will not avoid the alleged prejudice he has identified.

Whether or not these convictions were expunged should not impact this Court's sentencing determination. Section 3661 of Title 18 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." As a result, this Court may consider expunged convictions when evaluating the defendant's "history and characteristics," as required by § 3553(a). *See*

1

U.S.S.G. 4A1.2(j) ("Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Departures Based on Inadequacy of Criminal History Category (Policy Statement))."); *see also United States v. Garcia*, 528 F. App'x 57, 59 (2d Cir. 2013) (unpublished) (internal citation omitted) ("Insofar as Garcia faults the district court for considering his expunged juvenile convictions in exercising its variance authority, that argument is defeated by both 18 U.S.C. § 3661 (recognizing district court authority at sentencing to consider any information pertaining to 'background, character, and conduct' of person convicted of offense) . . . and 18 U.S.C. § 3553(a)(1) (identifying 'history and characteristics' of defendant as relevant sentencing factor).")

The defendant acknowledges this point. Dkt. No. 42 at 1. But he asserts that he may be prejudiced if the Court proceeds to sentencing now because the Bureau of Prisons ("BOP") might designate him to a higher level security facility than it would if it did not know of the defendant's prior violent convictions. *See* PSR ¶¶ 129, 130 (describing the defendant's prior convictions for assault and for unlawfully entering his then-girlfriend's house, brandishing a firearm, and threatening to kill her).[1]

This argument fails, however, because the relief requested by the defendant will not avoid the alleged prejudice he has identified, if indeed there is any unfair prejudice from the BOP learning of these convictions. If this Court were to postpone sentencing as the defendant requests, the defendant would simply remain in custody at the Alexandria Detention Center ("ADC") for the duration of the continuance. But the ADC is a higher level security facility than any camp where the defendant hopes to serve his sentence. Any time that the defendant served

---

[1] It is not clear to the government why these prior convictions should be concealed from the BOP any more than they should be concealed from this Court. The defendant appears to concede that he in fact committed these crimes, and has not suggested that the convictions were expunged due to his actual innocence or any legal flaw in the proceedings giving rise to the convictions.

in detention at ADC during a continuance automatically would be credited against his ultimate sentence by operation of statute. 18 U.S.C. § 3585(b)(1). Thus, delaying sentencing by 90 days would only ensure that the defendant serves the next 90 days of his sentence in ADC—a higher level facility.

If indeed the defendant's prior convictions were expunged, and if that expungement is something that affects the BOP's designation decision, the defendant will be free to raise that point with the BOP after sentencing. But delaying sentencing in this matter will not enable the defendant to be designated to a lower security facility any faster, if in fact that designation is appropriate.

The government therefore respectfully requests that the Court deny the defendant's request to postpone sentencing by 90 days.

> Respectfully submitted,
>
> G. Zachary Terwilliger
> United States Attorney

By: _____/s/_____
Matthew Burke
Assistant United States Attorney
Russell Carlberg
Special Assistant United States Attorney
Eastern District of Virginia
Counsel for the United States of America
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel.: (703) 299-3700
Fax: (703) 299-3981

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

A copy also will be sent via email to:

> Kelly Smihal
> United States Probation Officer
> Kelly_Smihal@vaep.uscourts.gov

        /s/
Matthew Burke
Assistant United States Attorney