IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN THOMAS REYNOLDS,<br><br>Defendant. | Case No. 1:19-CR-70 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO CONTINUE SENTENCING HEARING**

Defendant Brian Reynolds, by and through undersigned counsel, respectfully submits this reply memorandum in further support of his motion to continue his sentencing hearing scheduled for Friday, September 13.

In its opposition, the government provides no reason why the Court should deny this reasonable request. In particular, the government does not suggest that it or the Court will suffer any prejudice or harm from the requested delay.

The only reason the government offers for its opposition to this motion is the unsupported (and likely false) suggestion that Mr. Reynolds would actually be worse off if the motion is granted because of the 90 additional days he would spend in the Alexandria Detention Center if his motion is granted, and that argument is faulty on several levels. The government's suggestion that detention at this local jail is as restrictive or unpleasant as incarceration at a medium security U.S. penitentiary is highly questionable at best. In addition, the government's argument assumes that, if Mr. Reynolds were improperly designated to a higher security prison, that issue could be resolved with the Bureau of Prisons within 90 days. Regardless of the merits of this issue, it is no reason to prevent Mr. Reynolds from obtaining the documents necessary to correct the PSR

before he is sent to the Bureau of Prisons.

The Court should also reject the government's footnoted suggestion that there is anything improper about Mr. Reynolds' desire to have the PSR accurately reflect the expungement of these misdemeanor convictions before it is given to the Bureau of Prisons. As stated in Mr. Reynolds' motion, the Bureau of Prisons itself informed Mr. Reynolds during his previous incarceration that, in determining his security classification, it would not take into account these misdemeanor convictions if they were expunged. There is nothing improper about Mr. Reynolds' desire to ensure that the Bureau of Prisons does not now determine his designation based on the incorrect suggestion that these convictions were not expunged.

For these reasons, and those set forth in Mr. Reynolds' motion, the Court should grant this motion and reschedule Mr. Reynolds' hearing.

Dated: September 9, 2019
      McLean, Virginia

                                      Respectfully submitted,

                                      David B. Deitch
                                      Virginia Bar No. 74818

                                      BERENZWEIG LEONARD LLP
                                      8300 Greensboro Drive, Suite 1250
                                      McLean, Virginia 22102
                                      Phone: 703.940.3065
                                      Email: ddeitch@berenzweiglaw.com

CERTIFICATE OF SERVICE

      I hereby certify that, on September 9, 2019, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF System, which will send a Notice of Electronic Filing to the parties in this matter, all of whom have an email address of record and have appeared and consented to electronic service in this action.

                                /s/ David B. Deitch
                                David B. Deitch